# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**JOSEPH SLOVINEC**
Plaintiff

vs.

**MONTGOMERY COUNTY MARYLAND**
Defendant

Civil Action No. **06-0456 UNA**

## NOTICE OF APPEAL

Notice is hereby given this **22ND** day of **MARCH**, 20**06**, that

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the judgment of this Court entered on the **24th** day of **FEBRUARY**, 20**06** in favor of **DISMISSAL OF CASE ON MONTGOMERY COUNTY, MARYLAND** against said **JOSEPH SLOVINEC: WITH CLAIMS OF FEDERAL RIGHTS OF HOMELESS.**

_Joseph Slovinec_
~~Attorney~~ or Pro Se Litigant

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK**   Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

MONTGOMERY COUNTY STATE'S ATTORNEY
DOUGLAS GANSLER
50 MARYLAND AVENUE
5TH FLOOR
ROCKVILLE, MARYLAND 20850

RECEIVED MAR 22 2006 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

PLEASE FAX ONE TO MONTGOMERY COUNTY STATES
ATTORNEY GANSLER WITH NOTICE OF APPEAL AND
SEND ONE TO JUDGE HUVELLE'S CHAMBERS

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA, WASHINGTON, D.C.

Joseph Slovinec,  
   Appellant,  
   Vs.  

Civil Action 06-0456  
Before: Judge Huvelle

Montgomery County, Maryland,  
   Appellee

FINAL REQUEST FOR REHEARING BEFORE USE OF NOTICE OF APPEAL BY MARCH 24: MOTION FOR COURT TO SEND MATERIALS TO MR. GANSLER

1. Appellant thanks Judge Huvelle for a reasonably courteous response: Judge Huvelle's rehearing would serve the fundamental interests of justice since the opinion includes reversible error and there are differing word interpretations.

2. There is reversible error when Judge Huvellle wrote 2/24/06: "Plaintiff alleges that defendant breached an agreement pursuant to which defendant would provide assistance, including housing and a student loan." In Complaint, Plaintiff only had one accusation of "breached contract", "To pay $300 eviction assistance to Public Storage." Plaintiff accused Maryland and American University of not obtaining available loans and then causing him material and credit history damage with an eviction, not exactly the same as a breach of contract, "American U. indicated support for $14,000 loan to pay bill and then did not cooperate in Plaintiff's several attempts to get loan for poor and needy including a Maryland student loan in August 2005." (See Maryland Annotated Statutes Education 18-1001, et . seq..) Maryland was severely negligent in not helping Plaintiff find public housing with 3 months notice of eviction with disrespect of rights..

3. On related issues, Plaintiff maintains there are federal questions and he asks Judge Huvelle to read major establishment cases on parallelism, *U.S. ex.rel. Hartigan v. Palumbo Bros.*, 797 F.Supp. 624 (N.D. Ill. 1992) and *Colorado River v. U.S.* 424 U.S. 800 (1976): the main relevant act is the federal McKinney-Vento Act. Montgomery County or agents of American U. violated Plaintiff's 4th, 5th, and 14th Amendment rights to Constitution according to protection of homeless residents from there in *Pottinger v. Miami*, 810 F. Supp. 1551 (S.D. Fla. 1992) when they stole Plaintiff's birth certificate (which Illinois Dept. of Public Health replaced) and mattress worth about $100 leaving him penniless with never more than 88 cents in his only D.C. savings accounts since August 2005 and zero in all of his bank accounts today. Title III of the McKinney-Vento Act, 42 U.S.C. 11301 provided Maryland with opportunity for money to get emergency shelters to "meet needs" of :"homeless" Montgomery County refused shelter for Plaintiff anyplace in Maryland because before September shelters are only limited to mentally ill and substance abusers, and pushed him to use a D.C. shelter.: Plaintiff had severe confrontation with Montgomery County Judge Vaughey on June 22, 2005 before Hurricane Katrina when Plaintiff asked for an order to put him a shelter and Judge Vaughey said, "It's not my function", and Plaintiff retorted, "What would you do if there was a hurricane?"

4. Plaintiff moves court to serve Mr. Gansler: he has less than $6 which must be used for other purposes, and his once-a-week charity fax is uncertain. Thanks.

SERVICE REQUESTED TO: Montgomery County State's Attorney Douglas Gansler, 50 Maryland Avenue, 5th Floor, Rockville, Maryland 20850

Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001 March 21, 2006

*Joseph Slovinec*

CLOSED, PROSE-NP, TYPE-L

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:06-cv-00456-UNA
### Internal Use Only

SLOVINEC v. MONTGOMERY COUNTY MARYLAND
Assigned to: Unassigned
Demand: $6,000
Cause: 42:1983 Civil Rights Act

Date Filed: 03/10/2006
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

JOSEPH SLOVINEC         represented by   JOSEPH SLOVINEC
                                         425 Second Street, NW
                                         Washington, DC 20001
                                         (202) 393-1909
                                         Fax: (202) 393-4409

United States District Court
For the District of Columbia
06-456   A TRUE COPY   3-24-06
NANCY MAYER WHITTINGTON, Clerk
By _____
Deputy Clerk

V.

**Defendant**

MONTGOMERY COUNTY MARYLAND

| Date Filed | # | Docket Text |
|---|---|---|
| 03/10/2006 | 1 | COMPLAINT against MONTGOMERY COUNTY MARYLAND filed by JOSEPH SLOVINEC. Attachments(ls, ) (Entered: 03/14/2006) |
| 03/10/2006 |  | SUMMONS Not Issued as to MONTGOMERY COUNTY MARYLAND (ls, ) (Entered: 03/14/2006) |
| 03/10/2006 | 2 | MOTION for Leave to Proceed in forma pauperis by JOSEPH SLOVINEC. (ls, ) (Entered: 03/14/2006) |
| 03/10/2006 | 3 | MEMORANDUM OPINION. Signed by Judge Ellen S. Huvelle on 02/24/06. (ls, ) (Entered: 03/14/2006) |
| 03/10/2006 | 4 | ORDER DISMISSING CASE that plaintiff's motion to proceed in forma pauperis is granted; and it is further ordered that the complaint is dismissed without prejudice. This is a final appealable order. Signed by Judge Ellen S. Huvelle on 02/24/06. (ls, ) (Entered: 03/14/2006) |